# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

ANTWON WISE,                                        CASE NO. 2:07-cv-00016
                                                    JUDGE HOLSCHUH
       Petitioner,                                MAGISTRATE JUDGE ABEL

v.

ERNIE MOORE, WARDEN,

       Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  This matter is before the Court on the instant petition, respondent's motion to dismiss, petitioner's traverse, respondent's reply, petitioner's response, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. §2244(d).

## I.  PROCEDURAL HISTORY

Petitioner was indicted by the January 2004 term of the Franklin County grand jury on two counts of aggravated murder, in violation of O.R.C. §2903.01, with death penalty specifications, aggravated burglary, in violation of O.R.C. §2911.11, aggravated robbery, in violation of O.R.C. §2911.01, attempted murder, in violation of O.R.C. §§2923.02, 2903.02, and having a weapon while under disability, in violation of O.R.C. §2923.13, with specifications. *Exhibit A to Return of Writ*. On May 27, 2005, while represented by counsel and pursuant to a plea agreement, petitioner pleaded guilty to involuntary manslaughter, with a firearm specification, and aggravated robbery.  The remainder of the charges against him were *nolle prosequied*. *See Exhibits B-D to Return of Writ*.

The trial court sentenced petitioner to the jointly recommended aggregate term of eighteen years incarceration. *Id*. Petitioner never filed a timely appeal. However, on November 18, 2005, he filed a *pro se* motion for delayed appeal. He asserted as cause for his untimely appeal that neither the trial court nor counsel had advised him of the right to appeal or the time requirement for doing so. *See Exhibit F to Return of Writ*. On January 12, 2006, the appellate court denied petitioner's motion for delayed appeal. *Exhibits H and I to Return of Writ*. Petitioner filed a timely appeal to the Ohio Supreme Court. Exhibit J to Return of Writ. On May 10, 2006, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. *Exhibit M to Return of Writ*.

On January 10, 2007, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He signed the petition on January 6, 2007. He alleges that he is in the custody of the respondent in violation of the Constitution based upon the following grounds:

> 1. Petitioner was deprived of due process and equal protection by arbitrarily being denied access to available appeal remedies.
>
> Petitioner was never advised by court or counsel of his right to appeal the unlawful sentence imposed upon him by the trial court. When a proper delayed appeal motion was filed, within 120 days of the deadline for a timely appeal and mere weeks after being sent to his parent institution and provided access to a law library, the court of appeals arbitrarily denied the motion.
>
> 2. Petitioner was deprived of effective assistance of counsel in the trial court proceedings.
>
> Appointed trial counsel failed to advise petitioner of his right to appeal the sentence imposed upon him, failed to advise him that the sentence was, in fact, unlawful, failed to timely file a notice of appeal on petitioner's behalf, despite the fact that any reasonable person would have wanted to appeal, and failed to consult with petitioner regarding the right to appeal.

3.  Petitioner was deprived of counsel for appeal, in violation of the 6th and 14th Amendments.

The trial court failed to appoint counsel to timely appeal, and the court of appeals refused to do so, thereby completely depriving the petitioner of any counsel at all for a direct appeal as of right.

It is the position of the respondent that this action is time-barred.

## II.  STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. §2244(d) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final on July 10, 2005 - *i.e.,* thirty days after the June 10, 2005,

judgment entry of sentence - when the time period expired to file a timely appeal. *See Searcy v. Carter,* 246 F.3d 515, 518-19 (6 Cir.2001); *Marcum v. Lazaroff,* 301 F.3d 480, 481 (6 Cir.2002); Ohio App.R. 4(A). The statute of limitations ran for 130 days.  Petitioner's motion for delayed appeal, filed on November 18, 2005, then tolled the running of the statute of limitations until May 10, 2006, when the Ohio Supreme Court dismissed the appeal, *see Johnson v. Warden*, 2007 WL 2206550 (S.D. Ohio July 16, 2007)(statute of limitations tolled time period during which motion for delayed appeal is actually pending), citing *Lawrence v. Florida*, – U.S. –, 127 S.Ct. 1079, 1082 (2006).  However, the statute of limitations expired on January 2, 2007,  235 days after the Ohio Supreme Court's May 10, 2006, dismissal of petitioner's motion for delayed appeal.  Petitioner did not sign the instant petition until January 6, 2007.  Further, he has failed to alleged any extraordinary circumstances that would justify equitable tolling of the statute of limitations.  *See Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001).

In claim one, petitioner asserts that the Ohio Court of Appeals improperly denied his motion for delayed appeal and in claim three that he improperly was denied counsel on appeal.   Where a defendant is not advised of his right to appeal, the statute of limitations may not begin to run on a claim that the state appellate court improperly denied a motion for delayed appeal until the date on which the state appellate court denied the motion for delayed appeal. *DiCenzi v. Rose*, 452 F.3d 465, 469 (6th Cir. 2006).  Additionally, claims that relate to events that occurred at the time of sentencing may also be timely under 28 U.S.C. §2244(d)(1)(D), if the petitioner acted in a reasonably diligent manner in learning about his right to appeal:

> The proper task in a case such as this one is to determine when a duly
> diligent person in petitioner's circumstances would have discovered

> [his right to an appeal]. After that date, petitioner was entitled to further delay (whether in actually making the discovery, or in acting on a previously made discovery, or for any other reason whatsoever), so long as he filed his petition within one year of the date in which the discovery would have been made in the exercise of due diligence. *Wims,* 225 F.3d at 190.
>
> ***
>
> ... [T]he date on which the limitations clock began to tick is a fact-specific issue the resolution of which depends, among other things, on the details of [a defendant's] post-sentence conversation with his lawyer and on the conditions of his confinement in the period after [sentencing]. *Wims,* 225 F.3d at 190-91 (citing *Easterwood v. Champion,* 213 F.3d 1321, 1323 (10th Cir.2000) (taking into account "the realities of the prison system" in determining due diligence)).

*Id*., at 470-471. "[P]etitioner bears the burden of proving that he exercised due diligence, in order for the statute of limitations to begin running from the date he discovered the factual predicate of his claim, pursuant to 28 U.S.C. § 2244(d)(1)(D). *Id.,* at 471, citing *Lott v. Coyle*, 261 F.3d 594, 605-06 (6th Cir.2001).

Here, however, as the state appellate court noted in rejecting petitioner's motion for delayed appeal, petitioner signed a guilty plea form in which he indicated that he understood his right to appeal and that he must file the appeal within "within thirty days of the filing of my judgment of conviction." *See Exhibits B and H to Return of Writ.* Thus, his allegation now that he did not know about his right to appeal is not worthy of credit,[1] and neither *DiCenzi v. Rose, supra*, nor 28 U.S.C. § 2244(d)(1)(D) apply so as to render this action timely. *See Jackson v. Sheets*, 2006 WL 3759700 (S.D. Ohio August 8, 2006), citing *Johnson v. United States*, 544 U.S. 295 (2005)(distinguishing

---

[1] The state appellate court likewise concluded that petitioner's allegation was "disingenuous." *See Exhibit H to Return of Writ*.

*DiCenzi v. Rose, supra,* from the scenario presented herein, i.e. where the defendant signed a guilty

plea acknowledging he knew about his right to appeal and the time period for doing so); *Hale v.*

*Warden, London Correctional Institution*, 2006 WL 3230856 (S.D. Ohio November 6, 2006)(same).

Petitioner nonetheless contends that his petition is timely under 28 U.S.C. §2244(d)(1)(B)

because his attorney failed to timely file the appeal.  *See Traverse.*

> The limitations provision set forth in 28 U.S.C. § 2244(d)(1)(B) has
> been found to apply in cases where the petitioner has alleged facts
> indicating his counsel on appeal was ineffective in perfecting or
> pursuing an appeal and such ineffectiveness actually prevented
> petitioner from filing a timely habeas petition. *See, e.g., Waldron v.*
> *Jackson,* 348 F.Supp.2d 877, 882-86 (N.D.Ohio 2004); *cf. Winkfield*
> *v. Bagley,* 66 Fed.Appx. 578, 582-83 (6th Cir. May 28, 2003) (not
> published in Federal Reporter), *cert. denied,* 540 U.S. 969, 124 S.Ct.
> 435, 157 L.Ed.2d 316 (2003); *Dean v. Pitcher,* No. Civ. 02-71203-
> DT, 2002 WL 31875460, at *3 (E.D.Mich. Nov.7, 2002)
> (unpublished); *Collier v. Dretke,* No. 3:03-CV-2744-L, 2004 WL
> 1585903, at *2 (N.D.Tex. July 13, 2004) (unpublished Report &
> Recommendation), *adopted,* 2004 WL 1944030 (N.D.Tex. Aug.31,
> 2004); *Felton v. Cockrell,* No. 3:03-CV-0764-L, 2003 WL 21946862,
> at *3 (N.D.Tex. Aug.13, 2003) (unpublished Report &
> Recommendation). *But cf. Dunker v. Bissonnette,* 154 F.Supp.2d 95,
> 105 (D.Mass.2001) (rejecting argument that the petitioner's court-
> appointed attorney was a "state actor" under § 2244(d)(1)(B)). No
> such allegations have been made here.

*Jackson v. Sheets, supra,* at n.4.  However, petitioner has not alleged facts indicating that his attorney

was constitutionally ineffective for failing to file an appeal.  As previously discussed, petitioner signed

a guilty plea form indicating he knew about his right to appeal and the time period for filing the

appeal, yet he waited approximately six months before filing a motion for delayed appeal.  He then

waited almost eight months after the Ohio Supreme Court dismissed his motion for delayed appeal

before filing the instant federal habeas corpus petition.

For all of the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be

**DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. §2244(d).

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


                                                    s/Mark R. Abel
                                                    United States Magistrate Judge